# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Katelyn Thorn,**
**Plaintiff Below, Petitioner**

**vs) No. 13-0961** (Wood County 11-C-539)

**Larry J. Casey, II,**
**Defendant Below, Respondent**

**FILED**

May 30, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Katelyn Thorn, by counsel James R. Leach and Victoria J. Sopranik, appeals the order of the Circuit Court of Wood County, entered August 2, 2013, denying her motion for a new trial. Respondent Larry Casey, III, appears by counsel David A. Mohler and Greg S. Foster.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2010, the parties were involved in an automobile accident in which petitioner rear-ended a car driven by a third-party. Petitioner maintained that respondent struck her from behind, causing her collision with the other car. In contrast, respondent claimed that petitioner first struck the car in front of her, and respondent then struck petitioner. At the conclusion of the trial conducted in January of 2013, a jury found that petitioner did not suffer injuries as a direct and proximate result of respondent's negligence. Thereafter, petitioner filed a motion for a new trial pursuant to Rule 59 of the West Virginia Rules of Civil Procedure, asserting that she was prejudiced by the circuit court's exclusion of the medical records of Dr. Houman Khosrovi, a neurosurgeon who examined her on one occasion approximately four months after the automobile accident. The circuit court denied petitioner's motion for a new trial, and this appeal followed.

The general standard of review concerning motions made under Rule 59 is whether the ruling of the circuit court constituted an abuse of discretion, subject to a clearly erroneous standard as to findings of fact and a de novo standard as to conclusions of law. *Jones v. Setser*, 224 W.Va. 483, 488, 686 S.E.2d 623, 628 (2009); *Peters v. Rivers Edge Mining, Inc.*, 224 W.Va. 160, 172–73, 680 S.E.2d 791, 803–04 (2009). Each assignment of error in this case relates to the circuit court's ruling that excluded from evidence the office record of Dr. Khosrovi, who did not appear as a witness at trial. Dr. Khosrovi prepared a summary of his evaluation, which began with his restatement of the version of the collision as related by petitioner, then went on to

1

describe his medical examination. He concluded that petitioner "most likely became symptomatic as a result of the car accident" and recommended conservative treatment.

Petitioner argues that Dr. Khosrovi's medical records fall within an exception to the hearsay rule[1], that respondent waived any objection to the authenticity of the records, and that she was substantially prejudiced by their exclusion. We begin with petitioner's final assignment of error. He states as follows:

> Dr. Khosrovi's records were to provide the evidentiary cornerstone necessary to document the injuries sustained by [petitioner] in the accident. Specifically, his office note concisely documented an exam and diagnosis; it clinically correlated the imagine studies on MRI; it contained unequivocal opinion on causation; and, most importantly, it provided the basis for the opinions of [petitioner's] expert witness, Dr. [Robert] Thompson. Thus, it devastated [petitioner's] case when the trial court denied the jury access to the anchor of her case, Dr. Khosrovi's promised record.

---

[1]Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." W.Va. R. of Evid. 801(c). It is inadmissible unless provided by rule. W.Va. R. of Evid. 802. Petitioner argues that the medical summary prepared by Dr. Khosrovi is admissible pursuant to Rule 803 of the West Virginia Rules of Evidence, which provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness: . . .

> (4) Statements for purpose of medical diagnosis or treatment.—Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment. . . .

> (6) Records of regularly conducted activity.—A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

We conclude that petitioner overstates the importance of Dr. Khosrovi's summary, inasmuch as Dr. Thompson (petitioner's expert witness) detailed in his testimony[2] the medical records that he reviewed in preparation for his evaluation of petitioner. In addition to the records of Dr. Khosrovi, Dr. Thompson's review also included the post-accident emergency room records, the accident report, petitioner's chiropractic records, and the results of petitioner's MRI and CT scans and x-rays. Dr. Thompson explained what he found in each of these documents, and he related his understanding that petitioner was "the restrained driver of a vehicle that was rear[-]ended by another vehicle going approximately [forty] miles an hour. . . . Her car was driven into the car in front of her." Finally, he concluded that petitioner suffered cervical sprain, thoracic sprain, and a bulging disc at the L4-5, L5-S1 level as a result of the automobile accident at issue. Petitioner has identified no specific information contained in Dr. Khosrovi's summary that was not sufficiently introduced through Dr. Thompson's testimony.

Rule 61 of the West Virginia Rules of Civil Procedure provides:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Furthermore, "'[w]hen evidence is excluded and the action of the court in excluding it is relied upon in the appellate court, it must appear on the record that the evidence rejected was or would have been relevant, material and important to make its rejection available as a ground of error.' Syllabus Point 5, *Maxwell v. Kent*, 49 W.Va. 542, 39 S.E. 174 (1901)." Syl. Pt. 15, *Board of Educ. of McDowell County v. Zando, Martin & Milstead, Inc.*, 182 W.Va. 597, 390 S.E.2d 796 (1990). Because the substance of Dr. Khosrovi's summary was introduced through other sources—including petitioner's own testimony—we find that if there was error in its exclusion, that error was harmless.[3] Thus, the circuit court did not abuse its discretion in denying petitioner's motion for a new trial.

For the foregoing reasons, we affirm.

---

[2]Dr. Thompson's testimony was presented at trial by videotaped deposition. The deposition transcript is contained in the appendix record on appeal, but the record is otherwise sparse. While the parties included excerpts of arguments made before the circuit court related to the admissibility of Dr. Khosrovi's summary, no testimonial evidence other than the transcript of Dr. Thompson's testimony was included.

[3]In light of our determination that the error, if any, is harmless, we need not undertake consideration of petitioner's arguments that (1) Dr. Khosrovi's records fall within an exception to the hearsay rule or that (2) respondent waived any objection to the authenticity of those records.

3

Affirmed.

**ISSUED:** May 30, 2014

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING**

Chief Justice Robin Jean Davis